**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LAWRENCE E. HAYNES, | Case No. 1:11-cv-185 |
| Plaintiff, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Lawrence E. Haynes filed this Social Security appeal in order to challenge the Defendant's findings that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents four claims of error, all of which the Defendant disputes. In addition to his statement of errors, Plaintiff has filed an alternative motion to remand this case under Sentence Six of 42 U.S.C. §405(g) to consider "new evidence" in support of Plaintiff's claim. As explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record. I further conclude that Plaintiff's alternative motion to remand for consideration of new evidence should be denied.

**I. Summary of Administrative Record**

In July 2007, Plaintiff filed an application for Disability Insurance Benefits (DIB) alleging a disability onset date of May 24, 2006 due to neck pain, numbness, and weakness in his hands. (Tr. 84-85). After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law

1

Judge ("ALJ"). An evidentiary hearing, at which Plaintiff was represented by counsel, was held on October 9, 2009. (Tr. 24-74). A vocational expert, Robert Breslin, was also present and testified. On December 1, 2009, ALJ Christopher McNeil denied Plaintiff's application in a written decision. (Tr. 9-19).

The record on which the ALJ's decision was based reflects that Plaintiff was 42 years old on his alleged disability onset date, and a high school graduate. (Tr. 17). Plaintiff had past relevant work as cook and construction worker. (Tr. 17). Plaintiff last worked in May 2006.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "lumbar degenerative disc disease and degenerative joint disease." (Tr. 11). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1, and Plaintiff does not specifically argue that the ALJ erred in that conclusion before this Court. (Tr. 12). The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform light work with the following exceptions:

> He can lift and/or carry up to 10 pounds frequently, but should not lift more than 20 pounds at a time. Further, he is able to push and/or pull up to 10 pounds with arm or leg controls. The claimant is able to sit 2 hours in an 8-hour workday and stand/walk 6 hours in an 8-hour workday. Moreover, the claimant can occasionally stoop or climb stairs and/or ramps, but should never climb ropes, ladders, and/or scaffolds

(Tr. 11). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that, while the Plaintiff is unable to perform his past relevant work, he can

nonetheless perform jobs that exist in significant numbers in the national economy. (Tr. 17-18). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. (Tr. 18).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff first argues that the ALJ erred by: 1) failing to find a closed period of disability;[1] 2) affording great weight to non-treating sources who did not have Plaintiff's most current medical records; 3) failing to give the most weight to the opinions of Plaintiff's treating physician; and 4) failing to find Plaintiff fully credible. Upon close analysis, I conclude that none of the asserted errors require reversal or remand.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for DIB benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

---

[1] Plaintiff's argues first that the ALJ erred in failing to find a closed period of disability from May 2006 through at least January 1, 2010. (Doc. 6 at 3-6). This argument focuses primarily on the ALJ's alleged errors in the weighing of the medical evidence. As such, this error will be considered in the Court's analysis of Plaintiff's second and third assignments of error.

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that

claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the four referenced errors led the ALJ to erroneously conclude that Plaintiff was not disabled due to his low back and leg pain. In his alternative motion to remand, Plaintiff seeks remand for consideration of new and material evidence. Because I find no error, and because Plaintiff does not satisfy the requirements for remand under Sentence Six, neither reversal nor remand is required.

**B. Specific Errors**

**1. The ALJ's Acceptance of the Consulting Physicians' Opinions**

Plaintiff argues that the ALJ erred because he gave greater weight to the opinion of the non-examining state agency physician rather than to the opinion of Plaintiff's treating physician, who opined that Plaintiff was completely disabled. Plaintiff complains that not only did the primary consulting physician examine Plaintiff on only one

occasion, but that no consultant had access to Plaintiff's most recent medical records. Citing *Blakely v. Commissioner of Social Security*, 581 F.3d 399, 408-409 (6th Cir. 2009), Plaintiff argues that the ALJ's reliance upon consultants who did not review Plaintiff's most pertinent records is grounds for remand, if not outright reversal.

In *Blakely* as in this case, the ALJ credited the opinions of consulting physicians over the opinion of the plaintiff's treating physician. The Sixth Circuit held that "[i]n appropriate circumstances, opinions from State agency medical...consultants...may be entitled to greater weight than the opinions of treating or examining sources." (*Id.* at 409, quoting Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *3 (July 2, 1996)). However, in *Blakely* the court reversed on grounds that the state non-examining sources did not have the opportunity to review "much of the over 300 pages of medical treatment...by Blakely's treating sources," and that the ALJ failed to indicate that he had "at least considered [that] fact before giving greater weight" to the consulting physician's opinions. *Blakely*, 581 F.3d at 409 (*quoting Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007)). Nevertheless, the Sixth Circuit reiterated the general principle that an ALJ's failure to provide adequate explanation for according less than controlling weight to a treating source may be excused if the error is harmless or *de minimis*, such as where "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it." *Id.* at 409 (*quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)). Under *Blakely*, then, an ALJ may choose to credit the opinion of a consultant who has failed to review a complete record, but he should articulate his

reasons for doing so. If he fails to provide sufficient reasons, his opinion still may be affirmed if substantial evidence supports the opinion and any error is deemed to be harmless or *de minimis*.

In this case, the ALJ gave "great weight" to the assessment offered by Diane Manos, M.D. a state agency medical consultant. (Tr. 16). Dr. Manos reviewed the Plaintiff's medical file in May 2008 and completed a Physical RFC Assessment Form wherein she concluded that Plaintiff could perform light work. (Tr. 353-360). The ALJ determined that Dr. Manos' findings were consistent with the clinical signs and diagnostic testing as well as Plaintiff's testimony concerning his activities of daily living. (Tr. 16). The ALJ further determined that additional evidence received at the hearing level did not call into question Dr. Manos' conclusions relating to Plaintiff's residual functional capacity. (Tr. 16). The ALJ also noted that "since [Plaintiff's] fusion surgery in 2008, the objective evidence and subjective complaints show that [Plaintiff's] condition has improved significantly." *Id.* Thus, the ALJ properly articulated his rationale for giving controlling weight to Dr. Manos' opinions, and also sufficiently addressed his reasons for crediting her opinion in light of later acquired evidence.

Furthermore, the ALJ's determination that Plaintiff is capable of performing light work is supported by the evidence of record. As outlined below, the objective evidence of record supports a finding that Plaintiff is capable of performing light work. Such a finding is consistent with the findings of Dr. Manos, Dr. McCloud, and Plaintiff's treating

physician, Dr. Guanciale.[2]  As properly noted by the Commissioner, Plaintiff fails to point to any medical opinion that he had limitations greater than those found by the ALJ.  In light of the foregoing, the undersigned finds that the ALJ did not err in crediting the assessment on the non-examining state agency physician.

### 2.  Weight Given to the Treating Physician

Plaintiff's third assignment of error asserts that the ALJ erred in failing to give controlling weight to the opinions of his treating physician, Dr. Guanciale.  The controlling Social Security regulation states: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."  20 C.F.R. § 404.1527(d)(2).  However, in determining the weight to give to *any* medical source opinion, an ALJ must also consider: 1) the examining relationship between the medical source and claimant; 2) the treatment relationship, including the length of treatment, frequency of examination, and nature and extent of relationship; 3) support by medical evidence; 4) consistency of the opinion with the record as a whole; 5) the source's area of specialization; and 6) any other factors which support or contradict the opinion.  *Id.*

---

[2]  As explained below, despite his assertion that Plaintiff was unable to work, Dr. Guanciale also assigned functional limitations consistent with the ALJ's RFC determination.

It is true that the opinions of Dr. Guanciale, as a treating physician, ordinarily would be entitled to controlling weight. Dr. Guanciale completed a residual functional capacity form in September 2009 wherein he found that Plaintiff could lift up to 20 pounds occasionally, could frequently sit and stand/walk, and needed to change positions every forty minutes. (Tr. 179). However, on the same form, Dr. Guanciale opined that Plaintiff was "unable to do sustained activity" and was "totally disabled from work from 9-11-08 to 1-1-10." *Id.*

The ALJ explained that he was placing less weight on the medical assessment completed by Dr. Guanciale in September 2009 because it was internally inconsistent. (Tr. 16). The ALJ further determined that the medical evidence of record did not support Dr. Guanciale's determination that Plaintiff was unable to perform sustained work activity. (Tr. 17). The ALJ noted as follows:

> Dr. Guanciale opined that the claimant is capable of performing occasional lifting up to 20 pounds, occasional bending, twisting, pushing and/or pulling, and frequent sitting, standing and/or walking, while changing positions every 40 minutes. He further reported that the claimant's estimated return to work date is January 1, 2010; however, inexplicably, he also opined that the claimant would be 'unable to do sustained work activity.'
>
> While portions of Dr. Guanciale's opinion are consistent with the greater weight of the evidence, it is counterintuitive to give an estimated return to work date of January 2010 and simultaneously opine that the claimant is unable to performed sustained work activity. This doctor apparently relied heavily on the subjective report of symptoms and limitations provided by the claimant and seemed to uncritically accept as true most, if not all, of what the claimant reported.

(Tr. 16-17).

Ultimately the determination of a claimant's residual functional capacity, like the determination of disability, is "reserved to the Commissioner." 20 C.F.R. §404.1527(e)(2). There is no doubt that where conclusions regarding a claimant's functional capacity are not substantiated by objective evidence, the ALJ is not required to credit those conclusions. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994). Similarly, although "[g]enerally the opinions of treating physicians are given substantial, if not controlling, deference," they are only given such deference when the opinions are supported by objective medical evidence. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Thus, "if the treating physician's opinion is not supported by objective medical evidence, the ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for his rejection." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *see also* 20 C.F.R. § 1527(d)(2). In this case, the ALJ's analysis of Dr. Guanciale's opinion is adequate to satisfy the "good reasons" requirement.

In this case, the ALJ properly discounted Dr. Guanciale's September 2009 disability assessment because it was internally inconsistent. *See Render v. Sec'y of Health & Human Servs.*, Case No. 88–5535, 1989 WL 34104, at *3 (6th Cir. April 3, 1989) (proper to discount treating physician's opinion which was internally inconsistent). As detailed above, the actual functional limitations found by Dr. Guanciale nearly mirror those found by the ALJ in his RFC determination. In light of those limitations, the ALJ properly rejected Dr. Guanciale's conclusion that Plaintiff was unable to sustain gainful

employment. Moreover, Plaintiff's statement of errors fails to address the inconsistencies contained in Dr. Guanciale's report.

Next, the ALJ reasonably determined that the medical evidence of record did not support Dr. Guanciale's determination that Plaintiff was unable to perform sustained work activity. While Dr. Guanciale's treatment notes consistently document Plaintiff's subjective complaints of "debilitating" pain, the objective evidence reveals mostly normal or mild findings. As noted to the ALJ, prior to Plaintiff's March 3, 2008 back surgery, the evidence of record fails to document that Plaintiff demonstrated signs typically associated with chronic, severe back pain such as muscle atrophy, gait abnormalities, persistent neurological deficits or signs of nerve root compromise. (Tr. 14). Examinations from May 2006 through March 2008 indicate that Plaintiff did not have any significant problems ambulating and his lower extremities showed no significant motor or sensory relfex deficits. (Tr. 15, 209, 221-22, 241, 276, 309, 330). The ALJ also noted the record shows that non-surgical treatment, including epidural steroid injections and physical therapy provided relief from Plaintiff's symtomology. (Tr. 236-240 ).

Plaintiff opted for surgery and underwent successive anterior/posterior discectomy and fusion in March and April 2008. Two weeks after surgery, Plaintiff stated he was "doing very well" and was "moving forward." (Tr. 21, 363). In March 2009, Plaintiff reported only intermittent low back pain, and in April 2009, was able to ambulate independently. (Tr. 188). As noted by the ALJ, an MRI of the lumbar spine

dated April 24, 2009 showed post-fusion stabilization of L4-L5, with no specific focal L4-5 nerve root compressive pathology and minimal diffusic disc bulge. (Tr. 181). At the L2-3 level, the MRI revealed evidence of a small foraminal disc protrusion with mild foraminal narrowing. *Id.* There was no focal disc herniation, no spinal stenosis, significant foraminal stenosis and no fracture or sublaxation. (Tr. 184).

Finally, the ALJ noted that since his most recent back procedure, Plaintiff's treatment coarse has been non-aggressive. Notably, Plaintiff sees only a pain specialist, primarily for prescription refills. *Id.* The ALJ also found that Plaintiff performs a range of activities that are incompatible with his alleged disabling limitation. Plaintiff testified that he lives alone, frequently uses the computer, watches television, reads, cares for his pets, pays his bills and plays the guitar. (Tr. 16).

Plaintiff retains the burden of establishing the severity of limitations caused by his impairments. When viewed as a whole, considering the findings of consultants, diagnostic evidence (and lack thereof), Plaintiff's own testimony, and clinical records, I find the ALJ's rejection of Dr. Guanciale's disability finding to be supported by substantial evidence.

### 4. Credibility Assessment

Plaintiff final assignment of error asserts that the ALJ erred in finding that his testimony was not entirely credible, arguing that the ALJ's assessment was wrong for multiple reasons. Plaintiff claims that the ALJ failed to consider all the factors listed in 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p.

A disability claim can be supported by a claimant's subjective complaints, as long as there is objective medical evidence of the underlying medical condition in the record. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d at 475. "[I]f disabling severity cannot be shown by objective medical evidence alone, the Commissioner will also consider other factors, such as daily activities and the type and dosage of medication taken." *Id.* (citing 20 C.F.R. §404.1529(c)(3)).[3] However, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Id.* at 476. (citations omitted). An ALJ's credibility assessment must be supported by substantial evidence, but "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical

---

[3] The regulations provide that the ALJ's credibility decision must include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. See 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96-7p.

records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d at 392.

In this case, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 14). In discussing Plaintiff's credibility, the ALJ noted that the objective medical evidence of record and Plaintiff's own description of his daily activities do not support his allegations of total disability. *Id.* The ALJ further determined that Plaintiff's "credibility is further diminished by his apparent chronic narcotic abuse." (Tr. 16)

Plaintiff argues that the ALJ credibility determination improperly considered his daily activities, erroneously found that Plaintiff abused narcotics and selectively evaluated the medical evidence. (Doc. 6 at 9-11). Plaintiff's assertions are unavailing.

First, Plaintiff appears to argue that his daily activities do not establish that he is able to "work 40 hours a week on a job." (Doc. 10). However, as outlined above, the ALJ's credibility determination was not based solely on Plaintiff's ability to engage in daily activities. As provided by the regulations, Plaintiff's ability to perform such tasks is one factor to be considered in assessing Plaintiff's credibility. Here, the ALJ properly considered that Plaintiff engaged in a variety of daily activities, and it was appropriate for him to consider this factor in making his credibility finding. *See Warner v. Com'r of*

-14-

*Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) ("The administrative law judge justifiably considered Warner's ability to conduct daily life activities in the face of his claim of disabling pain."). *See also Heston v. Com'r*, 245 F.3d 528, 536 (6th Cir. 2001) (ALJ may consider claimant's testimony of limitations in light of other evidence of claimant's ability to perform tasks such as walking, going to church, going on vacation, cooking, vacuuming and making beds).

With respect to Plaintiff's narcotic use, the ALJ noted that the record makes several references to Plaintiff's chronic narcotic medication use, including physical problems secondary to such abuse. (Tr. 16);(Tr. 330) ("he does have a history of chronic constipation related to his chronic narcotic usage."); (Tr. 346-47) (preoperative reported noting "chronic narcotic medication use"); (Tr. 262) (June 2007 physician's report concluding that Plaintiff's medical necessity for narcotic analgesics, skeletal muscle relaxants and NSAID's "is not supported"). Plaintiff argues that he did not "abuse" narcotics, and the record shows only "chronic narcotic use" and "narcotic medical use" not abuse. However, the undersigned finds such a distinction does not invalidate the ALJ's credibility finding. Notably, Plaintiff does not argue, nor does the record establish, that the ALJ mis-characterized the evidence relating to Plaintiff's narcotic use. As such, Plaintiff's narcotic use was a proper factor for the ALJ to consider in making his credibility determination. *See* 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96-7p.

Finally, the Plaintiff argues that the ALJ's credibility assessment selectively relied on such evidence as "positive Waddell signs."[4] Contrary to Plaintiff assertion, such evidence is properly documented in the record and was therefore reasonably considered by the ALJ. (Tr. 182, 189, 193, 194, 197, 363, 366, 378). As detailed above, the objective evidence fails to support Plaintiff's complaints of disabling pain. *See Thoroughman v. Chater*, 91 F.3d 144, 1996 WL 316518, at *1 (6th Cir. 1996) (As the ALJ cited to the fact that there is no objective medical evidence to support Plaintiff's complaints of disabling pain, the ALJ's credibility determination was proper). Thus, the ALJ properly considered evidence of positive Waddell signs in concluding that the severity of Plaintiff's allegations of disabling pain was not fully credible.

In sum, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003).

---

[4] According to the Commissioner, Waddell signs purport to show evidence of psychological bases for pain or of malingering. (Doc. 10 at 13).

**C. Plaintiff's Alternative Motion for Sentence Six Remand**

In addition to his statement of errors, Plaintiff has filed a separate motion to remand this case in order to present additional evidence under Sentence Six of the Social Security Act, 42 U.S.C. §405(g). (Doc. 11). Plaintiff specifically seeks consideration of treatment notes from Dr. Guanciale and Dr. Khan from March, April and September 2010 and evidence relating to Plaintiff's back surgery performed on February 25, 2011. Thus, such evidence post-dates the ALJ's decision of December 2009.[5]

Pursuant to Sentence Six, a court can remand for consideration of new evidence only if the plaintiff establishes that the evidence is both new, in that it was "not in existence or available to the claimant at the time of the administrative proceeding" and "material," meaning there is "a reasonable probability that the Secretary would have reached a difference disposition." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citations omitted); *see also Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). The plaintiff must also establish good cause for his failure to present the evidence to the ALJ. *See Bass v. McMahon,* 499 F.3d 506 (6th Cir. 2007); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "'Good cause' is not

---

[5] Plaintiff also presented additional evidence to the Appeals Council. (*See* Tr. 430-37). However, he did not attach nor reference such evidence in his motion for a sentence six remand. Additionally, for the same reasons stated below, even if this evidence was properly before the Court for purposes of Plaintiff's sentence six motion, such evidence would not have led the ALJ to reach a different conclusion because it is nearly identical to the evidence before the ALJ at the time of his decision. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a 'harder line.'" *Saunders v. Comm'r of Soc. Sec.*, 2010 WL 1132286 at *3 (W.D. Mich. March 3, 2010)(*quoting Oliver v. Sec. of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)(additional citations omitted).

In the present case, the additional evidence appears to be new, in that it was not in existence at the time of the ALJ's decision. However, the undersigned finds it is unlikely that such evidence would have changed the ALJ's decision had it been timely presented, and therefore is not material for purposes of a Sentence Six remand. *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Notably, the treatment notes from Dr. Guanciale and Dr. Khan show mostly mild and normal findings, essentially identical to the evidence before the ALJ. (Doc. 11 at X-rays done in April 2010 revealed "mild lumbar spondylosis, L4-5. No fracture. No listhesis." (Doc. 11 at 14). A CT scan of the lumbar spine done in May 2010 showed "mild interval progression of fusion at L4-L5 with respect to lateral disc space, more so on left. Otherwise stable exam with unchanged appearance of the fusion hardware, without evidence of failure." (Doc. 11 at 8). Thus, it is unlikely that the ALJ would have found this evidence any more persuasive than the objective evidence contained in the record concerning Plaintiff's alleged disability.

Furthermore, evidence relating to Plaintiff's back surgery performed on February 25, 2011, fifteen months after the ALJ's decision, is not probative of Plaintiff's condition at the time of the ALJ's decision in December 2009. *See Oliver v. Sec. of Health &*

*Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) (new evidence coming into existence over a year after the ALJ's decision was not material because it was not probative on the question of Plaintiff's condition at the time of the ALJ's decision). Additionally, the surgical report does not include any medical interpretation nor shed light on Plaintiff's functional limitations before or after the procedure.

Accordingly, the undersigned finds that the additional evidence Plaintiff asks the Court to consider does not support greater restrictions than those determined by the ALJ *at the time of his decision.* As such, Plaintiff's motion for a remand under sentence six is not-well taken. However, to the extent that Plaintiff believes his condition has worsened since the ALJ's decision, he is free to submit a new application for benefits. *See, e.g.*, *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992).

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1. The decision of the Commissioner to deny Plaintiff DIB benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole;

2. Plaintiff's alternative motion for a sentence six remand (Doc. 11) be **DENIED**; and

3. As no further matters remain pending for the Court's review, this case be **CLOSED.**

                                                */s Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LAWRENCE E. HAYNES,            Case No. 1:11-cv-185

    Plaintiff,                                 Dlott, J.
                                                            Bowman, M.J.
   v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).